Fill in this information to identify the case:

United States Bankruptcy Court for the:

District of Delaware
(State)

Case number (if known): _____    Chapter    11

☐ Check if this is an
    amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/16

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

**1.  Debtor's Name**

GST AutoLeather, Inc.

**2.  All other names debtor used in the last 8 years**

N/A

Include any assumed names, trade names, and *doing business as* names

**3.  Debtor's federal Employer Identification Number (EIN)**

51-0305289

**4.  Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **20 Oak Hollow Drive, Suite 300**<br>Number        Street | Number        Street |
| | P.O. Box |
| **Southfield, Michigan 48033**<br>City              State    Zip Code | City                         State    Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| **Oakland County**<br>County | Number        Street |
| | City                         State    Zip Code |

**5.  Debtor's website (URL)**

http://www.gstautoleather.com/

**6.  Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor _____GST AutoLeather, Inc._____    Case number *(if known)* _____
                Name

| | |
|---|---|
| **7. Describe debtor's business** | **A.** *Check One:* |
| | ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A)) |
| | ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) |
| | ☐ Railroad (as defined in 11 U.S.C. § 101(44)) |
| | ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)) |
| | ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)) |
| | ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3)) |
| | ☒ None of the above |

**B.** *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

**C.** NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**3363 (Motor Vehicle Parts Manufacturing)**

| | |
|---|---|
| **8. Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check One:* |
| | ☐ Chapter 7 |
| | ☐ Chapter 9 |
| | ☒ Chapter 11. *Check all that apply:* |

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

| | | | | | | |
|---|---|---|---|---|---|---|
| **9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?** | ☒ No | | | | | |
| | ☐ Yes. | District _____ | When _____ MM/DD/YYYY | | Case number _____ | |
| If more than 2 cases, attach a separate list. | | District _____ | When _____ MM/DD/YYYY | | Case number _____ | |

| | | | | | |
|---|---|---|---|---|---|
| **10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** | ☐ No | | | | |
| | ☒ Yes. | Debtor **See Rider 1** | | Relationship **Affiliate** | |
| List all cases. If more than 1, attach a separate list. | | District **District of Delaware** | | When **10/03/2017** MM / DD / YYYY | |
| | | Case number, if known _____ | | | |

| Debtor | GST AutoLeather, Inc. | | Case number *(if known)* | |
|---|---|---|---|---|
| | Name | | | |

---

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

_____
Number          Street

_____
City                        State       Zip Code

**Is the property insured?**

☐ No
☐ Yes.   Insurance agency  _____
         Contact name     _____
         Phone            _____

---

| ■ | Statistical and administrative information |
|---|---|

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors**

| | | | | | |
|---|---|---|---|---|---|
| ☐ | 1-49 | ☐ | 1,000-5,000 | ☐ | 25,001-50,000 |
| ☐ | 50-99 | ☐ | 5,001-10,000 | ☐ | 50,001-100,000 |
| ☐ | 100-199 | ☐ | 10,001-25,000 | ☐ | More than 100,000 |
| ☒ | 200-999 | | | | |

---

**15. Estimated assets**

| | | | | | |
|---|---|---|---|---|---|
| ☐ | $0-$50,000 | ☐ | $1,000,001-$10 million | ☐ | $500,000,001-$1 billion |
| ☐ | $50,001-$100,000 | ☐ | $10,000,001-$50 million | ☐ | $1,000,000,001-$10 billion |
| ☐ | $100,001-$500,000 | ☐ | $50,000,001-$100 million | ☐ | $10,000,000,001-$50 billion |
| ☐ | $500,001-$1 million | ☒ | $100,000,001-$500 million | ☐ | More than $50 billion |

---

| Debtor | GST AutoLeather, Inc. | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**16. Estimated liabilities**

☐ $0-$50,000    ☐ $1,000,001-$10 million    ☐ $500,000,001-$1 billion
☐ $50,001-$100,000    ☐ $10,000,001-$50 million    ☐ $1,000,000,001-$10 billion
☐ $100,001-$500,000    ☐ $50,000,001-$100 million    ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million    ☒ $100,000,001-$500 million    ☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **10/03/2017**
                MM / DD / YYYY

X _____          Eric Evans
Signature of authorized representative of debtor          Printed name

Title    **Senior Vice President and Chief Financial Officer**

**18. Signature of attorney**

X _____    Date    **10/03/2017**
Signature of attorney for debtor                    MM/ DD /YYYY

**Laura Davis Jones**
Printed name

**Pachulski Stang Ziehl & Jones LLP**
Firm name

**919 North Market Street, 17th Floor**
Number          Street

| | | **19899-8705** |
| **Wilmington** | **Delaware** | **(Courier 19801)** |
| City | State | ZIP Code |

| **(302) 652-4100** | **ljones@pszjlaw.com** |
| Contact phone | Email address |

| **2436** | **Delaware** |
| Bar number | State |

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

District of Delaware
_____(State)_____

Case number *(if known)*: _____    Chapter ___11___

☐ Check if this is an
amended filing

## Rider 1
## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of GST AutoLeather, Inc.

- GST AutoLeather, Inc.
- GST AutoLeather Cayman I Ltd.
- GST AutoLeather Cayman II Ltd.
- GST AutoLeather HoldCo Corp.
- GST Innovations, LLC
- Strategic Financial LLC

## SECRETARY'S CERTIFICATE

### October 1, 2017

The undersigned, Eric Evans, as Secretary of, respectively, GST AutoLeather HoldCo Corp. and GST AutoLeather, Inc. (collectively, the "Companies"), hereby certifies as follows:

1.  I am the duly qualified and elected Secretary of the Companies and, as such, I am familiar with the facts herein certified and I am duly authorized to certify the same on behalf of the Companies.

2.  Attached hereto is a true, complete, and correct copy of the resolutions of the boards of directors of the Companies (collectively, the "Boards of Directors"), duly adopted at a properly convened and joint meeting of the Boards of Directors of October 1, 2017, in accordance with the applicable bylaws of the Companies.

3.  Since their adoption and execution, the Resolutions have not been modified, rescinded or amended and are in full force and effect as of the date hereof, and the Resolutions are the only resolutions adopted by the Boards of Directors relating to the authorization and ratification of all corporate actions taken in connection with the matters referred to therein.

[Signature page follows]

**IN WITNESS WHEREOF**, I have hereunto set my hand as of the date set forth above.

By:_____

Name: Eric Evans

Title:   Secretary

*[Signature Page to Certification of Secretary]*

**Resolution of the Board of Directors of
GST AutoLeather, Inc.**

**Dated as of October 1, 2017**

WHEREAS, the members of the board of directors (the "Board") of GST AutoLeather, Inc. (the "Company"), hereby take the following actions and adopt the following resolutions pursuant to the organizational documents of the Company and the laws of the state of Delaware:

**Chapter 11 Filing**

WHEREAS, the Board has considered presentations by the management and the financial and legal advisors of the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it, and the effect of the foregoing on the Company's business; and

WHEREAS, the Board has had the opportunity to consult with the management and the financial and legal advisors of the Company and fully consider each of the strategic alternatives available to the Company.

NOW, THEREFORE, BE IT,

RESOLVED, that in the judgment of the Board, it is desirable and in the best interests of the Company (including a consideration of its creditors and other parties in interest) that the Company shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition for relief (the "Chapter 11 Case") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in a court of proper jurisdiction and/or any other petition for relief or recognition or other order that may be desirable under applicable law in the United States;

RESOLVED, that any director, the Chief Restructuring Officer, the Chief Executive Officer, the President, the General Counsel, the Chief Operating Officer, the Chief Financial Officer, any Senior Vice President, any Vice President, any Assistant Vice President, or any other duly appointed officer of the Company (collectively, the "Authorized Signatories"), acting alone or with one or more other Authorized Signatories be, and hereby are, authorized, empowered and directed to execute and file on behalf of the Company all petitions, schedules, lists and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's business;

**Retention of Professionals**

RESOLVED, that each of the Authorized Signatories be, and hereby are, authorized and directed to employ the law firm of Kirkland & Ellis, Kirkland & Ellis LLP and Kirkland & Ellis International LLP (together, "Kirkland") as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any motions, objections, replies, applications or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Kirkland;

RESOLVED, that each of the Authorized Signatories be, and hereby are, authorized and directed to employ the law firm of Pachulski Stang Ziehl & Jones LLP ("Pachulski") as local bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Pachulski;

RESOLVED, that each of the Authorized Signatories be, and hereby are, authorized and directed to employ the firm Lazard Middle Market, LLC ("Lazard") as financial advisor to, among other things, represent and assist the Company in evaluating their business and prospects, developing a long-term business plan, developing financial data for evaluation by the Board, creditors, and/or other third parties, as requested by the Company from time to time, evaluating the Company's capital structures, responding to issues related to the Company's financial liquidity, and in any sale, reorganization, business combination, or similar disposition of the Company's assets; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Lazard;

RESOLVED, that each of the Authorized Signatories be, and hereby are, authorized and directed to employ the firm Alvarez & Marsal North America, LLC ("A&M"), as restructuring advisor, and to appoint Jonathan Hickman as Chief Restructuring Officer of the Company to represent and assist the Company in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of A&M and to appoint Jonathan Hickman as Chief Restructuring Officer of the Company;

RESOLVED, that each of the Authorized Signatories be, and hereby are, authorized and directed to employ the firm of Epiq Bankruptcy Solutions, LLC ("Epiq") as notice and claims agent to represent and assist the Company in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection

2

therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Epiq;

RESOLVED, that each of the Authorized Signatories be, and hereby are, authorized and directed to employ and retain any other professional advisors to represent and assist the Company in carrying out their duties under the Bankruptcy Code as such Authorized Signatory deems necessary, proper or desirable in connection with the Company's Chapter 11 Cases, with a view to the successful prosecution of such case; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed appropriate applications for authority to retain the services of any such other professional advisors, in each case on such terms as such Authorized Signatory deems necessary, proper or desirable in connection with the Company's Chapter 11 Cases, with a view to the successful prosecution of such case;

RESOLVED, that each of the Authorized Signatories be, and hereby are, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance from legal counsel, accountants, financial advisors, and other professional advisors, and to take and perform any and all further acts and deeds that such Authorized Signatory deems necessary, proper, or desirable in connection with the Company's Chapter 11 Cases, with a view to the successful prosecution of such case;

**Debtor-in-Possession Financing, Cash Collateral, and Adequate Protection**

RESOLVED, that the Company will obtain benefits from (a) the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for certain prepetition secured lenders (collectively, the "Secured Lenders") party to that certain Amended and Restated Credit Agreement, dated as of July 11, 2014, as amended, modified, or supplemented, and in effect immediately prior to October 1, 2017, among GST AutoLeather, Inc., as borrower (the "Borrower"), certain of the Borrower's subsidiaries, including GST AutoLeather Cayman II, Ltd. ("Cayman II"), GST AutoLeather Cayman I, Ltd. ("Cayman I"), and certain other GST subsidiaries as subsidiary guarantors, Royal Bank of Canada, as administrative agent, and the lenders that are parties thereto from time to time and (b) the incurrence of debtor-in-possession financing obligations (the "DIP Financing");

RESOLVED, that in order to use and obtain the benefits of (a) the DIP Financing and (b) the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the Company will provide certain adequate protection to the Secured Lenders (the "Adequate Protection Obligations"), as documented in a proposed interim order (the "Interim DIP Order") and submitted for approval to the Bankruptcy Court;

RESOLVED, that the form, terms, and provisions of the Interim DIP Order to which the Company is or will be subject, and the actions and transactions contemplated thereby be, and hereby are, authorized, adopted, and approved, and each of the Authorized Signatories of the Company be, and hereby is, authorized and empowered, in the name of and on behalf of each of

the Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the Interim DIP Order, and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which the Company is or will be a party, including, but not limited to, any security and pledge agreement or guaranty agreement (collectively with the Interim DIP Order, the "DIP Documents"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Board, with such changes, additions, and modifications thereto as the officers of the Company executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof;

RESOLVED, that the Company, as debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to incur the Adequate Protection Obligations and certain obligations related to the DIP Financing and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents (collectively, the "DIP Transactions"), including granting liens on its assets to secure such obligations;

RESOLVED, that the Authorized Signatories of the Company be, and they hereby are, authorized and directed, and each of them acting alone hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Company, as debtor and debtor in possession, to take such actions as in their discretion is determined to be necessary, desirable, or appropriate and execute the DIP Transactions, including delivery of: (a) the DIP Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments to any DIP Documents (collectively, the "DIP Financing Documents"); (b) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the Agents; and (c) such forms of deposit, account control agreements, officer's certificates, and compliance certificates as may be required by the DIP Documents or any other DIP Financing Document;

RESOLVED, that each of the Authorized Signatories of the Company be, and hereby are, authorized, directed, and empowered in the name of, and on behalf of, the Company to file or to authorize the Agents to file any Uniform Commercial Code (the "UCC") financing statements, any other equivalent filings, any intellectual property filings and recordation and any necessary assignments for security or other documents in the name of the Company that the Agents deem necessary or appropriate to perfect any lien or security interest granted under the Interim DIP Order, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Company and such other filings in respect of intellectual and other property of the Company, in each case as the Agents may reasonably request to perfect the security interests of the Agents under the Interim DIP Order;

RESOLVED, that each of the Authorized Signatories of the Company be, and hereby are, authorized, directed, and empowered in the name of, and on behalf of, the Company to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the DIP Transactions and all fees and expenses incurred by or on behalf of the Company in connection with the foregoing resolutions, in accordance with the terms of the DIP Financing Documents, which shall in their sole judgment be necessary, proper,

or advisable to perform the Company's obligations under or in connection with the Interim DIP Order or any of the other DIP Financing Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions;

**General**

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Signatories (and their designees and delegates) be, and hereby are, authorized and empowered, in the name of and on behalf of the Company, to do such further acts and things as any Authorized Signatory or such other duly authorized person shall deem necessary or appropriate in connection with, or to carry out the actions contemplated by, the foregoing resolutions, including to do and perform (or cause to be done and performed), in the name and on behalf of the Company, all such acts and to sign, make, execute, affix common seal on, deliver, issue or file (or cause to be signed, made, executed, delivered, issued or filed) with any person including any governmental authority or agency, all such agreements, resolutions, deeds, instruments, letters, certificates, proxies, notices, certificates, acknowledgements, authorizations, consents, releases, waivers and other documents (whether of like nature or not) (the "Ancillary Documents") and all amendments and modifications to any such Ancillary Documents, and to pay, or cause to be paid, all such payments, as any Authorized Signatory may deem necessary or advisable in order to carry out the intent of the foregoing resolutions, the authority for the doing of any such acts and things and the signing, making, execution, delivery, issue and filing of such of the foregoing to be conclusively evidenced thereby;

RESOLVED, that the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waives any right to have received such notice; and

RESOLVED, that all acts relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act had been specifically authorized in advance by a valid resolution of the Board.

* * * * *

<table>
<tr><td><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

| | |
|---|---|
| Debtor name | GST AutoLeather, Inc., *et al.* |
| United States Bankruptcy Court for the: | District of Delaware |
| Case number *(if known)*: | (State) |

☐ Check if this is an
amended filing

Official Form 204

## Chapter 11 or Chapter 9 Cases:  List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders                12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes.  Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and governmental contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 1 | Triangle Capital Corporation ATTN: Jeffrey A. Dombcik 3700 Glenwood Avenue Suite 530 Raleigh, NC 27612  Alcentra Capital Corporation ATTN: Scott Gold 200 Park Avenue, 7th Floor New York, NY 10166  Counsel McGuireWoods LLP ATTN: Anne E. Croteau 434 Fayetteville Street, Suite 2600 Raleigh, NC 27061  McGuireWoods LLP ATTN: Douglas M. Foley 2001 K Street N.W., Suite 400 Washington, DC 20006 | Jeffrey A. Dombcik PHONE - 919 719-4770 EMAIL - jdombcik@tcap.com  Scott Gold PHONE - 212 922-8240 EMAIL - scott.gold@alcentra.com | Mezzanine Debt Facility | unliquidated | | | $31,860,896 |
| 2 | Americana De Cueros ATTN: Vincente Lahud General Manager Blvd. Juan José Torres Landa Pte. No. 4914 Guanajuato Leon,  37438 Mexico | Vincente Lahud EMAIL - vincente.lahud@cuerocentro. com.mx PHONE - 52 47-7778-1206 | Trade Debt | | | | $6,044,464 |

Debtor  GST AutoLeather, Inc., *et al.*                    Case number (if known) _____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and governmental contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 3   Curtiembre Arlei Sa ATTN: Viviana Leiser Owner Bouchard 2840 - Lanus Buenos Aires,   1824 Argentina | Viviana Leiser EMAIL - leiser.viviana@arlei.com PHONE - 54 11-4001-1102 | Trade Debt | | | | $4,162,427 |
| 4   JBS S/A ATTN: Eduardo Lampert Manager Global Auto Sales Av. Marginal Direita do Tietê, 500 Sao Paolo,   05118 Brazil | Eduardo Lampert EMAIL - eduardo.lampert@jbsleather.com PHONE - 55 51-9352-6912 | Trade Debt | | | | $2,476,358 |
| 5   Tyson Fresh Meats, Inc. ATTN: Stephen Stouffer President 800 Stevens Port Drive Dakota Dunes, SD  57049 United States | Stephen Stouffer EMAIL - rony.ayala@tyson.com PHONE - 605 235-2061 FAX - 605 235-2068 | Trade Debt | | | | $2,299,381 |
| 6   Stahl De Mexico S.A De C.V. ATTN: Alex Campbell Manager Global Auto Sales Industrias Qui´micas 105 Zona Industrial Toluca Edo. De Mexico, 50071 Mexico | Alex Campbell EMAIL - alexander.campbell@stahl.com PHONE - 52 722-275-8600 FAX - 52 722-423-3024 | Trade Debt | | | | $1,860,668 |
| 7   Lanxess Energizing Chemistry ATTN: Sarah Drayna Manager Global Auto Sales 111 RIDC Park West Drive Pittsburgh, PA  15275 United States | Sarah Drayna EMAIL - sarah.drayna@lanxess.com PHONE - 414 559-1104 | Trade Debt | | | | $1,033,716 |
| 8   Quaker Color ATTN: Kenneth Brown President 201 South Hellertown Ave Quakertown, PA  18951 United States | Kenneth Brown PHONE - 215 536-3520 FAX - 215 536-2437 | Trade Debt | | | | $883,890 |
| 9   George H. Elliot Company ATTN: Kevin Ryan President 6502 Joliet Rd, #F Countryside, IL  60525 United States | Kevin Ryan EMAIL - sales@elliotthide.com PHONE - 708 352-2122 | Trade Debt | | | | $691,634 |
| 10  National Beef Packing Co. LP ATTN: Timothy Klein Chief Executive Officer 12200 N. Ambassador Drive Suite 500 Kansas City, MO  64163 United States | Timothy Klein PHONE - 800 499-2333 FAX - 816 713-8863 | Trade Debt | | | | $651,132 |

Debtor  GST AutoLeather, Inc., et al.                                    Case number (if known) _____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and governmental contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 11  Tannin Mexico Sa De Cv ATTN: Goetz Hagen President Blvd. San Crispin 130 Fracc. Ind. San Crispin Guanajuato Leon,  37443 Mexico | Goetz Hagen PHONE - 52 477-770-9499 FAX - 978 532-5536 | Trade Debt | | | | $593,113 |
| 12  Muller Textiles Inc. ATTN: Erik Schleicher Principal 3221 W. Big Beaver Road Suite 109 Troy, MI  48084 United States | Erik Schleicher EMAIL - erik.schleicher@mullertextiles.com PHONE - 248 458-0039 FAX - 888 384-2122 | Trade Debt | | | | $535,964 |
| 13  VFM, LLC ATTN: Gary Young President & CEO 1193 Atkinson Hill Avenue Bardstown, KY  40004 United States | Gary Young EMAIL - gary@vfmllc.net PHONE - 502 350-0314 | Trade Debt | | | | $326,049 |
| 14  Ontario Die International S A De Cv ATTN: Mike Geffros Manager Global Auto Sales Blvd. Hidalgo 2315. Col. Valle Del Sol Colonia Tablas De La Virgen Guanajuato Leon,  37140 Mexico | Mike Geffros EMAIL - mgeffros@ontariodie.com PHONE - 810 987-5060 | Trade Debt | | | | $301,852 |
| 15  FXI Foamex ATTN: John Cowles President & CEO Rose Tree Corporate Center II 1400 North Providence Road Suite 2000 Media, PA  19063 United States | John Cowles PHONE - 610 744-2300 FAX - 610 774-2299 | Trade Debt | | | | $208,243 |
| 16  Tannin Corporation ATTN: John Thompson, President 65  Walnut St Peabody, MA  1960 United States | John Thompson EMAIL - john.thompson@tannincorp.com PHONE - 978 854-0214 FAX - 978 532-5536 | Trade Debt | | | | $185,533 |
| 17  Cajas Y Corrugados S.A De C.V ATTN: Francisco Valdez General Manager lorentino Pérez Gilbert No. 3 Colonia Villa Olímpica Puebla,  72127 Mexico | Francisco Valdez PHONE - 52 84-4414-4918 FAX - 52 84-4414-0018 | Trade Debt | | | | $168,944 |

Debtor  GST AutoLeather, Inc., _et al._                    Case number (if known) _____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and governmental contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 18 | WiSTA GmbH<br>ATTN: Gerd Staudinger<br>Managing Director<br>Gewerbering 8-13<br>Schwaigern,  74193<br>Germany | Gerd Staudinger<br>PHONE - 49 7138-97-78-100<br>FAX - 49 7138-97-78-822 | Trade Debt | | | | $166,343 |
| 19 | TFL Mexicana Sa De Cv<br>ATTN: Henrik Pedersen<br>Manager Global Auto Sales<br>Rodrigo Gonzalez<br>Calderon 201<br>Industrial San Jorge<br>Guanajuato<br>Leon,  37438<br>Mexico | Henrik Pedersen<br>EMAIL -<br>henrik.pedersen@tfl.com<br>PHONE - 281 292-0433 | Trade Debt | | | | $148,378 |
| 20 | Zschimmer & Schwarz (Chemtan)<br>ATTN: Martina Muller<br>Manager Global Auto Sales<br>Max-Schwarz-Strasse 3-5<br>Lahnstein,  56112<br>Germany | Martina Muller<br>EMAIL - m.mueller-mross@zschimmer-schwarz.com<br>PHONE - 49 2621-12-457<br>FAX - 49 2621-12-407 | Trade Debt | | | | $137,470 |
| 21 | American KNW, Inc<br>ATTN: Won Suk, Oh<br>Chief Executive Officer<br>Munsan High-Tech Industrial Complex 5-1 B/L. 51<br>Donyu 3-ro<br>Munsan-eup, Paju-si<br>Gyeonggi-do,<br>Korea | Won Suk, Oh<br>PHONE - 82 31-950-0200<br>FAX - 82 31-950-0243 | Trade Debt | | | | $131,670 |
| 22 | Dystar LP<br>ATTN: Ron Pedemonte<br>President & CEO<br>9844A Southern Pine Blvd<br>Charlotte, NC  28273<br>United States | Ron Pedemonte<br>PHONE - 704 561-3000<br>FAX - 704 561-3005 | Trade Debt | | | | $123,788 |
| 23 | Genfort<br>ATTN: Robert Tsai<br>Chief Executive Officer<br>No. 1-1, S-N 1st. Road<br>Ting-Tien, Tachia<br>Taichung,<br>Taiwan ROC | Robert Tsai<br>EMAIL -<br>robert.tsai@genfort.com.tw<br>PHONE - 886 4-26877170 | Trade Debt | | | | $106,362 |
| 24 | Foreign Domestic Chemicals<br>ATTN: William Stetter, Owner<br>3 Post Rd<br>Oakland, NJ  07436<br>United States | William Stetter<br>EMAIL -<br>sam0226@hotmail.com<br>PHONE - 915 996-9865 | Trade Debt | | | | $103,000 |
| 25 | Officine Di Cartigliano S.P.A.<br>ATTN: Antonio Polato, Owner<br>Via San Giuseppe, 2<br>Cartigliano (VI),  36050<br>Italy | Antonio Polato<br>PHONE - 39 0424592526<br>FAX - 39 0424598035 | Trade Debt | | | | $78,353 |

Debtor  GST AutoLeather, Inc., *et al.*                    Case number (if known) _____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and governmental contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 26 | Toroza Quimica Sa De Cv ATTN: Arturo Bretscheneider Manager Global Auto Sales Palo Cuarto 120 Santa Fe Guanajuato Leon,  37240 Mexico | Arturo Bretscheneider EMAIL - arturorb@toroza.com.mx PHONE - 52 47-7714-2733 | Trade Debt | | | | $75,827 |
| 27 | CH Robinson Worldwide ATTN: John Wiehoff Chief Executive Officer 14701 Charlson Road Eden Prairie, MN  55347 United States | John Wiehoff PHONE - 952 937-8500 FAX - 952 937-6714 | Trade Debt | | | | $73,561 |
| 28 | Detroit Technologies, Inc. ATTN: Steven B. Phillips President & CEO 32500 Telegraph Rd Suite 207 Franklin, MI  48025 United States | Steven B. Phillips PHONE - 248 647-0400 FAX - 248 203-2500 | Trade Debt | | | | $58,816 |
| 29 | Pratt Industries de Monterrey S de RL de ATTN: Bernardo Joaquín González Cazares Director Av. Las Torres No. 870 Guadalupe Nuevo Leon, 67190 Mexico | Bernardo Joaquín González Cazares PHONE - 52 81-1493-1100 FAX - 52 55-1084-3021 | Trade Debt | | | | $46,282 |
| 30 | Galaxy/Spectron Remediation Group LLC ATTN: Dave Fennimore Project Coordinator 748 Springdale Drive Suite 150 Exton, PA 19341  Counsel Saul Ewing 3800 Centre Square West 1500 Market Street Philadelphia, PA 19102 | Dave Fennimore PHONE - 610 524-9466 EMAIL - dfennimore@earthdatane.com  Carl B. Everett, Counsel PHONE - 215 972-7171 EMAIL - Ceverett@saul.com | Remediation Claims Group | unliquidated | | Undetermined | |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| GST AUTOLEATHER, INC., | Case No. 17-_____ (___) |
| Debtor. | |

## LIST OF EQUITY SECURITY HOLDERS[1]

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| GST AutoLeather, Inc. | GST AutoLeather Cayman I Ltd. | 20 Oak Hollow Drive, Suite 300 Southfield, Michigan 48033 | 100% |

---

[1]  This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed are as of the date of commencement of the chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GST AUTOLEATHER, INC., | ) | Case No. 17-_____(___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| GST AutoLeather Cayman I Ltd. | 100% |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GST AUTOLEATHER, INC., | ) | Case No. 17-_____(___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

## CERTIFICATION OF CREDITOR MATRIX

      Pursuant to Rule 1007-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware, the above-captioned debtor and its affiliated debtors in possession (collectively, the "Debtors")[1] hereby certify that the *Creditor Matrix* submitted herewith contains the names and addresses of the Debtors' creditors.  To the best of the Debtors' knowledge, the *Creditor Matrix* is complete, correct, and consistent with Debtors' books and records.

      The information contained herein is based upon a review of the Debtors' books and records as of the petition date.  However, no comprehensive legal and/or factual investigations with regard to possible defenses to any claims set forth in the *Creditor Matrix* have been completed.  Therefore, the listing does not, and should not, be deemed to constitute:  (1) a waiver of any defense to any listed claims; (2) an acknowledgement of the allowability of any listed claims; and/or (3) a waiver of any other right or legal position of the Debtors.

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include:  GST AutoLeather, Inc. (5289); GST AutoLeather Cayman I Ltd. (N/A); GST AutoLeather Cayman II Ltd. (N/A); GST AutoLeather HoldCo Corp. (4266); GST Innovations, LLC (5563); and Strategic Financial LLC (N/A).  The location of the Debtors' service address is:  20 Oak Hollow Drive, Suite 300, Southfield, Michigan 48033.

Fill in this information to identify the case and this filing:

| Debtor Name | GST AutoLeather, Inc. | |
|---|---|---|
| United States Bankruptcy Court for the: | District of Delaware | |
| | | (State) |
| Case number (If known): | | |

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐  *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐  *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐  *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐  *Schedule H: Codebtors (Official Form 206H)*

☐  *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐  *Amended Schedule*

☒  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒  Other document that requires a declaration  <u>List of Equity Security Holders, Corporate Ownership Statement, and Certification of Creditor Matrix</u>

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| | |
|---|---|
| **10/03/2017** | ☒  *[signature]* |
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | **Eric Evans** |
| | Printed name |
| | **Senior Vice President and Chief Financial Officer** |
| | Position or relationship to debtor |

Official Form 202               Declaration Under Penalty of Perjury for Non-Individual Debtors