# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| GST AUTOLEATHER, INC., *et al.*,[1] | ) Case No. 17-12100 (LSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket No. 132** |

## ORDER (I) APPROVING THE BID PROCEDURES FOR THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS, (II) SCHEDULING AN AUCTION AND HEARING TO CONSIDER THE SALE, (III) APPROVING THE FORM AND MANNER OF NOTICE THEREOF, (IV) APPROVING CERTAIN EXPENSE REIMBURSEMENT PROVISIONS AND BREAKUP FEE, AND (V) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) authorizing and approving the bid procedures attached hereto as **Exhibit 1** (the "Bid Procedures") in connection with the sale (the "Sale") of substantially all of the Debtors' assets (the "Assets"), (b) scheduling an auction and hearing to consider the sale of the Assets, (c) approving the form and manner of notice thereof; (d) approving certain expense reimbursement provisions and breakup fee, and (e) granting related relief; all as more fully set forth in the Motion; and upon the First Day Declaration and the Cohen Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: GST AutoLeather, Inc. (5289); GST AutoLeather Cayman I Ltd. (N/A); GST AutoLeather Cayman II Ltd. (N/A); GST AutoLeather HoldCo Corp. (4266); GST Innovations, LLC (5563); and Strategic Financial LLC (N/A). The location of the Debtors' service address is: 20 Oak Hollow Drive, Suite 300, Southfield, Michigan 48033.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion or the Bid Procedures, as applicable.

KE 49985697

United States District Court for the District of Delaware, dated February 29, 2012; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at any Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, **THE COURT FINDS THAT:**

A.  The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.  This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

C.  The bases for the relief requested in the Motion are: (a) sections 105 and 363 of the Bankruptcy Code; (b) Bankruptcy Rules 2002 and 6004; and (c) Local Rules 2002-1 and 9006-1.

D. Notice of the Motion has been given to: (a) the U.S. Trustee; (b) counsel to the Committee; (c) counsel to the agent under the Debtors' first lien credit facility and the Debtors' debtor-in-possession credit facility; (d) counsel to the agent under the Debtors' mezzanine credit facility; (e) the United States Attorney's Office for the District of Delaware; (f) the Internal Revenue Service; (g) the office of the attorneys general for the states in which the Debtors operate; (h) all known holders of liens, encumbrances, and other claims secured by the Assets; (i) all parties who are known or reasonably believed, after reasonable inquiry, to have asserted any lien, encumbrance, claim, or interest in the Assets; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002.

E. The Debtors have articulated good and sufficient reasons for this Court to: (a) approve the Bid Procedures; (b) schedule the bid deadlines, the Auction, and the Sale Hearing; and (c) approve the form and manner of notice of the Auction and Sale Hearing.

F. The Bid Procedures are reasonable and appropriate and represent the best available method for maximizing value for the benefit of the Debtors' estates.

G. The Bid Procedures were negotiated at arm's length, in good faith, and without collusion. The Bid Procedures balance the Debtors' interests in emerging expeditiously from the chapter 11 cases while preserving the opportunity to attract value-maximizing proposals beneficial to the Debtors' estate, their creditors, and other parties in interest.

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as provided herein.

2. All objections to the relief requested in the Motion that have not been withdrawn, waived, or settled as announced to the Court at the hearing on the Motion or by stipulation filed with the Court, are overruled.

I.   **Important Dates and Deadlines.**

| Event | Date |
|---|---|
| Indication of Interest Deadline | November 20, 2017, at 5:00 p.m. EST |
| Sale Motion Objection Deadline | January 10, 2018, at 4:00 p.m. EST |
| Bid Deadline | January 8, 2018, at 5:00 p.m. EST |
| Notification of Qualified Bidders | January 10, 2018, at 5:00 p.m. EST |
| Auction | January 12, 2018, at 9:00 a.m. EST |
| Auction Objection Deadline | January 16, 2018, at 12:00 p.m. EST |
| Sale Hearing | January 17, 2018, at 11:00 a.m. EST |

3.   *Indication of Interest Deadline*. The deadline by which any party interested in making a proposal, solicitation, or offer must submit a non-binding indication of interest ("Indication of Interest") is November 20, 2017, at 5:00 p.m. (prevailing Eastern Time) (the "Indication of Interest Deadline"); *provided* that submitting an Indication of Interest by the Indication of Interest Deadline shall not obligate any party to submit a formal bid or to participate in the sale process and shall not be a prerequisite for Potential Bidders to submit a Qualified Bid. The respective agents acting on behalf of the Senior Secured Lenders and the holders of DIP Claims are not required to submit an Indication of Interest.

4.   *Bid Deadline*. The deadline by which all Bids for the Debtors' Assets must be *actually received* by the parties specified in the Bid Procedures is 5:00 p.m. (prevailing Eastern Time), on January 8, 2018.

5.   *Auction*. January 12, 2018, at 9:00 a.m. (prevailing Eastern Time), is the date and time of the Auction. Such Auction will be held at the offices of proposed counsel to the Debtors: Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022-4611. As set forth

more fully in the Bid Procedures, only Qualified Bidders shall be entitled to bid at the Auction. Consultation Parties (as defined in the Bid Procedures) shall be entitled to attend the Auction.

6. **Notice of Successful Bidder.** The Debtors shall file notice with the Court of the identity of the Successful Bidder within 24 hours after the close of the Auction and shall serve notice of the identity of the Successful Bidder at the Auction by fax, email, or (if neither is available) Fed Ex to all counterparties whose contracts are to be assumed and assigned, and also to all creditors who have requested the same in writing and provided a fax number or email address to the Debtors' attorneys listed below.

7. **Sale Hearing.** The Sale Hearing shall commence January 17, 2018, at 11:00 a.m. (prevailing Eastern Time) before the Honorable Laurie Selber Silverstein, at the Court, 824 North Market Street, 6th Floor, Courtroom No. 3, Wilmington, Delaware 19801. The Sale Hearing may be adjourned by announcement in open Court or on the Court's calendar without any further notice required.

8. **Objection Deadlines.** Objections to the Sale Motion, if any, must be made on or before January 10, 2018, at 4:00 p.m. (prevailing Eastern Time) (the "Sale Motion Objection Deadline"); *provided that* objections specific to the Auction or the Successful Bidder, if any, must be made on or before January 16, 2018, at 12:00 p.m. (prevailing Eastern Time) (the "Auction Objection Deadline"). All objections must: (a) be in writing; (b) conform to the applicable provisions of the Bankruptcy Rules and the Local Rules; (c) state with particularity the legal and factual basis for the objection and the specific grounds therefor; and (d) be filed with the Court and served so as to be *actually received* no later than the Sale Objection Deadline or the Auction Objection Deadline, as applicable, by the following parties (the "Notice Parties"):

| Proposed Counsel to the Debtors | Proposed Co-Counsel to the Debtors |
|---|---|
| Kirkland & Ellis LLP<br>300 North LaSalle<br>Chicago, Illinois 60654<br>Attn.: Ryan Blaine Bennett and Benjamin M. Rhode | Pachulski Stang Ziehl & Jones LLP<br>919 North Market Street, 17th Floor, P.O. Box 8705<br>Wilmington, Delaware 19899<br>Attn.: Laura Davis Jones |
| **The United States Trustee** | **Proposed Counsel to the Committee** |
| Office of the United States Trustee<br>for the District of Delaware<br>844 King Street, Suite 2207, Lockbox 35,<br>Wilmington, Delaware 19801<br>Attn: Timothy Fox | Foley & Lardner LLP<br>90 Park Avenue<br>New York, NY 10016-1314<br>Attn: Erika Morabito |
| **Proposed Counsel to the Senior Secured Lenders and Holders of DIP Claims** ||
| Paul Hastings LLP<br>200 Park Avenue<br>New York, NY 10166<br>Attn: Andrew Tenzer ||

9. The Bid Procedures, substantially in the form attached hereto as **Exhibit 1**, are hereby approved in their entirety, and the Bid Procedures shall govern the submission, receipt, and analysis of all Bids relating to the proposed sale of the Assets. Any party desiring to bid on the Assets shall comply with the Bid Procedures and this Order. The Debtors are authorized to take any and all actions necessary to implement the Bid Procedures.

10. Each bidder participating at the Auction shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the Sale, as set forth in the Bid Procedures, and the Auction shall be transcribed.

11. Any Qualified Bidder who has a valid and perfected lien on any Assets of the Debtors' estates (a "Secured Creditor") shall have the right to credit bid all or a portion of the value of such Secured Creditor's secured claims to the extent permitted pursuant to section 363(k) of the Bankruptcy Code (the "Credit Bid Right"); *provided* that a Secured Creditor shall have the right to credit bid its secured claim only with respect to the collateral by which such Secured Creditor is secured. For the avoidance of doubt, every dollar of a credit bid shall be

treated the same as a dollar from a cash bid and not a credit bid. Unless the Court orders otherwise, in exercising their Credit Bid Right, the Senior Secured Lenders may credit bid any portion and up to the entire amount of their outstanding secured claims, including on account of their secured claims under the DIP Facility, subject to section 363(k) of the Bankruptcy Code.

12. The Debtors may, in consultation with the Consultation Parties, (a) determine which Qualified Bid is the highest or otherwise best offer; (b) reject at any time before entry of an Order of the Bankruptcy Court approving the Successful Bid, any Bid that, in the discretion of the Debtors, is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code or the Bid Procedures, or (iii) contrary to the best interests of the Debtors' estates and their creditors; and (c) at or before the conclusion of the Auction, may impose such other terms and conditions upon Qualified Bidders as the Debtors determine to be in the best interests of the Debtors' estates in these cases.

13. Following entry of this Order, the Debtors shall be authorized, but not obligated, in an exercise of their business judgement, to select, , in consultation with the Consultation Parties, no more than one Acceptable Bidder to act as a stalking horse bidder (a "Stalking Horse Bidder") in connection with the Auction, and may agree to provide such Stalking Horse Bidder certain bid protections, including an expense reimbursement and/or a break-up fee (the "Bid Protections"); *provided that* any such Bid Protections shall be subject to approval by the Court, which the Debtors may seek on an expedited basis pursuant to Bankruptcy Code section 105(a) and Local Rule 9006-1(e).

14. Except for a Stalking Horse Bidder, if any, as approved by subsequent order of the Court, no person or entity shall be entitled to any expense reimbursement, breakup fee, termination fee, or other similar fee or payment, and by submitting a bid, such person or entity is

deemed to have waived their right to request or to file with this court any request for expense reimbursement or any fee of any nature, including whether by virtue of section 503(b) of the Bankruptcy Code or otherwise.

**II.     Miscellaneous.**

15.    The failure to include or reference a particular provision of the Bid Procedures specifically in this Order shall not diminish or impair the effectiveness or enforceability of such a provision.

16.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

17.    Nothing in the Bid Procedures shall constitute a modification of any of the provisions in the DIP Credit Agreement, including, without limitation, section 8.01 of the DIP Credit Agreement.

18.    The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

19.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Nov 15, 2017
Wilmington, Delaware

THE HONORABLE LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE